McLemore & Lindsay, by Harvey Lindsay, Dallas, for appellant.

Henry Wade, Dist. Atty., James K. Allen, Asst. Dist. Atty., Dallas, George P. Blackburn, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant stands charged by indictment with the offense of murder with malice. He appeals from the order entered in a habeas corpus proceeding denying his application for bail.

The deceased Edwin Joe Campbell, employee of a finance company, who in the afternoon was seeking to ascertain the whereabouts of appellant in connection with a delinquent account against him in favor of his employer, was killed by being shot in the head three times with a 25-caliber pistol; his body left in the company car he was driving and the car set afire. The partially burned body was found in the rear of the car when members of the Dallas Fire Department put out the fire about 9:50 P.M.

A careful consideration of the statement of facts, in the light of the briefs and oral argument presented, leads us to the conclusion that the trial court should be sustained in denying bail to appellant.

There are many circumstances pointing to appellant as the perpetrator of the murder and no testimony of a defensive nature and no mitigating circumstances are to be found in the record.

Because of the nature of the proceeding we refrain from further discussion or comment upon the evidence, but express the conclusion that an abuse of discretion on the part of the trial judge is not shown.

The judgment remanding appellant to custody without bail is affirmed.

## WILLIAMS v. STATE.
### No. 26345.

Court of Criminal Appeals of Texas.
April 1, 1953.

No attorney on appeal.

George P. Blackburn, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at a fine of $100.

The complaint and information, as well as all matters of procedure, appear regular. There being no statement of facts or bills of exception in the record, nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.